IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| LUCIO GARCIA, III, #476922 | § | |
| VS. | § | CIVIL ACTION NO. 4:11cv520 |
| SHERIFF, DENTON COUNTY, TEXAS | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner currently confined in the Denton County Jail in Denton, Texas, brings this *pro se* petition for a writ of habeas corpus challenging his confinement pursuant to 28 U.S.C. § 2254. The petition was referred for findings of fact, conclusions of law, and recommendations for disposition of the case.

Background

Petitioner is complaining about a Denton County conviction for aggravated robbery. County criminal proceedings that are pending against him. In his petition with this Court, Petitioner complains about "perjury in court order for commitment to North Texas State Hospital - Vernon," neglect at the hospital, "freedom to take proper legal action," and seizure of envelopes used for legal communications.

Exhaustion of State Remedies

A state prisoner must exhaust all remedies available in state court before proceeding in

federal court unless circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b), ( c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed.2d 438 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993). It should be noted that a federal habeas corpus petitioner fails to exhaust his state remedies when he relies on a different legal theory than that presented in state court, or when he makes the same legal claim to a federal court, but supports the claim with factual allegations that he did not present to the state courts. *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1987).

In the present case, Petitioner has not exhausted his habeas corpus remedies. He has not presented his claims to the Court of Criminal Appeals of Texas. The Fifth Circuit has held that in a pretrial application for the writ of habeas corpus, federal courts must abstain from the exercise of jurisdiction if the issued raised in the petition may be resolved either by a trial on the merits in state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana,* 816 F.2d 220, 225 (5th Cir. 1987). Petitioner may not file a habeas petition in this Court until a decision has been rendered by the Court of Criminal Appeals of Texas. Consequently, the petition should be dismissed for failure to exhaust.

The Court also notes that some of Petitioner's claims concern civil rights violations. The proper method of pursuing civil rights issue is to file a petition pursuant to § 1983. Issues concerning a conviction are properly brought pursuant to § 2254.

Recommendation

It is recommended that the above-styled petition for writ of habeas corpus be denied without prejudice for failure to exhaust state habeas corpus remedies.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 1st day of June, 2012.**

                                                                  _____
                                                                  DON D. BUSH
                                                                  UNITED STATES MAGISTRATE JUDGE